```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

VANESSA L. DAVIS,              )
                               )
          Plaintiff,           )
                               )
v.                             )    Case No. CIV-05-459-KEW
                               )
JO ANNE B. BARNHART,           )
Commissioner of Social         )
Security Administration,       )
                               )
          Defendant.           )

## OPINION AND ORDER

Plaintiff Vanessa L. Davis (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 18, 1971 and was 33 years old at the time of the ALJ's decision. She completed her high school education and one semester of college. Claimant has worked in the past as a waitress, stock clerk, sales clerk, and marketing consultant. Claimant alleges an inability to work beginning March 8, 2002, due to systemic lupus erythematosus, rheumatoid arthritis, fibromyalgia, degenerative disk disease, and radiculopathy of the lumbar spine, gastroesophageal reflux disease, irritable bowel syndrome, a left knee injury, insomnia and hyperthyroidism.

**Procedural History**

On September 24, 2003, Claimant protectively filed a third application for disability benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (42 U.S.C. § 401, *et seq.*). Claimant's application was denied initially and upon reconsideration. A hearing before ALJ, Larry Weber was held on March 2, 2005 in Ada, Oklahoma. By decision dated May 31, 2005, the ALJ found that Claimant was not disabled at any time through the date of the decision. On September 20, 2005, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant's medical conditions were severe, they did not meet a Listing and he retained the residual functional capacity ("RFC") to perform work in clerical occupations, as an assembler, and as a hand worker.

**Review**

Claimant asserts the ALJ committed error requiring reversal in failing to (1) properly analyze the opinions of Claimant's treating physicians; and (2) perform a proper step two analysis whereby his RFC findings were not supported by substantial evidence.

4

**Treating Physicians' Opinions**

Claimant asserts the ALJ failed to properly evaluate and ultimately rejected the opinions of Dr. Haroon Rashid and Dr. Shahnawaz Khan.  Dr. Rashid treated Claimant over a nine month period beginning in June of 2003 and continuing through the end of February of 2004.  Dr. Rashid attended Claimant for a total of ten visits.  (Tr. 409).  Dr. Rashid found Claimant suffered from "considerable pain requiring controlled substances" due to a chondral fracture of her tibia and a medial meniscal tear in her left knee.  He concluded the pain Claimant experienced was caused by "any activity which involves prolonged standing and walking."  Dr. Rashid also determined Claimant suffers from low back pain and fibromyalgia.  (Tr. 409).

The ALJ found Dr. Rashid's conclusions with regard to Claimant's inability to stand or walk for prolonged periods were contradicted by Claimant's testimony at the hearing.  Claimant had testified she could stand for periods up to two hours before sitting, which the ALJ concluded was consistent with the ability to perform sedentary work. (Tr. 541).  The ALJ accepted the remainder of Dr. Rashid's findings on Claimant's condition.  (Tr. 26).

Dr. Khan attended Claimant five times over a three month period beginning in December of 2004 and continuing to March of 2005.  (Tr. 27).  Dr. Khan completed a Medical Assessment of Ability to Do Work Related Activities (Physical) form with regard

5

to Claimant. He concluded Claimant could sit for no more than three hours, stand no more than two hours, and walk no more than one hour in an eight hour day. Dr. Khan also found Claimant could not work at any level for an eight hour day, even if she were permitted to sit or stand alternatively and routine breaks in work. He determined Claimant could lift under 10 pounds but not repetitively. Dr. Khan concluded Claimant could not engage in simple grasping or fine manipulation with either hand. He diagnosed Claimant with rheumatoid arthritis, hyperthyroidism, and lupus (SLE). (Tr. 465).

Again, the ALJ rejected Dr. Khan's opinions as being inconsistent with Claimant's testimony at the hearing. Specifically, the ALJ found Claimant testified she could type 10 to 15 minutes at a sitting and could lift 20 pounds. The ALJ is also critical of Dr. Khan's conclusions, given that he is not a rheumatologist. (Tr. 27).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the

6

opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific,

legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ engages in a curious practice of selectively accepting Claimant's testimony when it supports denial of benefits but rejecting the testimony when it supports the awarding of benefits. He first finds the medical opinions of Drs. Rashid and Khan are not supported by Claimant's testimony but then concludes Claimant's testimony is "not supported by the medical evidence to the extent alleged." (Tr. 27). The ALJ cannot have it both ways.

Moreover, Dr. Khan's testimony is generally supported by the opinion of Dr. Larry Willis, a rheumatologist. Dr. Willis found Claimant suffered from fibromyalgia and degenerative disk disease. (Tr. 265-268). He also found a reduced range of motion and crepitus of the knee along with reduced lumbar mobility. Only Dr. Dennis Whitehouse, D.O., a consultative physician whose opinions were preferred over those of Claimant's treating physicians, found no range of motion problems with Claimant at all. (Tr. 258-259). Dr. Whitehouse's opinion is wholly inconsistent with the entirety of the remaining medical evidence.

The ALJ's acceptance of differing opinions while rejecting the opinions of treating physicians requires reversal and the remand of this case to consider the treating physicians' opinions and to explain in detail any rejection of granting those opinions controlling weight.

**Step Two Analysis and RFC Assessment**

Claimant also asserts the ALJ made improper findings at step two and in assessing Claimant's RFC. Since the ALJ improperly rejected the opinions of Claimant's treating physicians, his step two findings are necessarily faulty. Further, the ALJ failed to include nonexertional limitations in his RFC assessment, including Claimant's lupus, rheumatoid arthritis, fibromyalgia and hyperthyroidism, instead concentrating on Claimant's exertional limitations. Nonexertional impairments are properly considered in determining a claimant's RFC. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993). On remand, the ALJ shall more specifically evaluate and discuss the effect of these nonexertional impairments and their resultant pain in arriving at Claimant's RFC.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 15th day of November, 2006.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

10